## B. J. McGARY v. THE STATE.

### No. 8897.   Delivered Jan. 21, 1925.

No motion for rehearing filed.

**Burglary—Accomplice Witness—Must Be Corroborated.**

In this case appellant was convicted on the testimony of the witness Carl Ryan, who was a confessed accomplice, and participant in the offense. His testimony is without that corroboration demanded by our laws, and for that reason we are compelled to reverse, and remand the cause.

Appeal from the District Court of McClennan County. Tried below before the Hon. Richard T. Munroe, Judge.

Appeal from a conviction of burglary; penalty, eight years in the penitentiary.

The opinion states the case.

*Joe W. McNamara* and *M. V. Dunham,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of McLennan county of burglary, and his punishment fixed at eight years in the penitentiary.

The facts in this case do not justify an affirmance. It was in testimony that a filling station belonging to the Texas Company was broken and entered and $153.34 in money was missed. None of the money was ever seen or identified by anyone afterward. Appellant was arrested in Georgetown, Texas, some days later in a car in company with one Ryan. In the car were found a number of articles which are described in testimony but there is no showing even by the testimony of the accomplice, that any of them were used in connection with the alleged burglary except a hammer which is not shown to possess any peculiar marks or to be otherwise different from other hammers, and it was admitted that a hammer is part of the tool paraphernalia usually found in automobiles. Some officers testified that on the night of the burglary they saw two men in the neighborhood of the burglarized premises but were unable to identify either of them. Carl Ryan was put on the stand as a witness for the State and testified that he went with appellant to the alleged burglarized premises and watched on the outside while appellant went in. That he forced the door of the building with a car spring. After appellant went into the house he heard pounding in there and presently appellant came back and told him that he got fifty or sixty dollars. Ryan says that the hammer found in the automobile was the one that was used in the alleged burglary. If the testimony of Ryan be discarded for the purpose of an analysis and examination of the record to determine the amount and extent of corroborative testimony of such accomplice, it will be readily seen that there is absolutely nothing in the record, save the testimony of said accomplice, which tends to point to appellant as the guilty agent in said burglary. No one saw him around the premises, no one saw him in possession of anything which came out of the alleged burglarized house, and no one found him in possession of anything which in and of itself indicates any use in said burglary or connection therewith. We regret when the necessity arises for our disturbance of the verdict of a jury upon the insufficiency of the testimony, but our duty will not permit us to hesitate if we become convinced that the facts do not justify the verdict of the jury.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*